WK:GSM
F. #2021R00137

***FILED***
04/13/2021
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

RYAN BEHAR,

          Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

INDICTMENT

Cr. No. **1:21-cr-00187(RPK)(SJB)**
(T. 18, U.S.C., §§ 1467(a), 1467(b),
1470, 2251(e), 2253(a), 2253(b),
2260A and 3551 et seq.; T. 21, U.S.C.,
§ 853(p))

THE GRAND JURY CHARGES:

## COUNT ONE
(Attempted Sexual Exploitation of a Child)

1. In or about and between September 2020 and October 2020, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant RYAN BEHAR did knowingly and intentionally attempt to employ, use, persuade, induce, entice and coerce a minor, to wit: Jane Doe A, an individual whose identity is known to the Grand Jury, to engage in sexually explicit conduct for the purpose of producing one or more visual depictions of such conduct and for the purpose of transmitting one or more live visual depictions of such conduct, knowing and having reason to know that such visual depictions would be transported and transmitted using one or more means and facilities of interstate and foreign commerce and which would be in and affecting interstate and foreign commerce, which visual depictions were produced and transmitted using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, and which visual depictions were actually transported

and transmitted using one or more means and facilities of interstate and foreign commerce and in and affecting interstate and foreign commerce.

(Title 18, United States Code, Sections 2251(e) and 3551 et seq.)

## COUNTS TWO THROUGH FIVE
(Transfer of Obscene Material to a Minor)

2. On or about and between the following dates, such dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant RYAN BEHAR did, by means of interstate commerce, knowingly transfer obscene matter to the following individuals who had not attained the age of 16 years and whose identities are known to the Grand Jury, knowing that such individuals had not attained the age of 16 years:

| Count | Dates | Victim |
| --- | --- | --- |
| TWO | September 13, 2020 to September 23, 2020 | Jane Doe B |
| THREE | September 21, 2020 to September 22, 2020 | Jane Doe C |
| FOUR | October 10, 2020 to October 12, 2020 | Jane Doe D |
| FIVE | December 19, 2020 to December 21, 2020 | Jane Doe E |

(Title 18, United States Code, Sections 1470 and 3551 et seq.)

## COUNT SIX
(Offense by a Registered Sex Offender)

3. In or about and between September 2020 and December 2020, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant RYAN BEHAR, being required by Federal or other law to register as a sex offender, did commit one or more felony offenses involving one or more minors

under Title 18, United States Code, Sections 2251 and 1470, to wit: the felony offenses alleged in Counts One through Five of this Indictment.

(Title 18, United States Code, Sections 2260A and 3551 et seq.)

### CRIMINAL FORFEITURE ALLEGATION
### AS TO COUNT ONE

4. The United States hereby gives notice to the defendant that, upon his conviction of the offense charged in Count One, the government will seek forfeiture in accordance with Title 18, United States Code, Section 2253(a), which requires the forfeiture of: (a) any visual depiction described in Section 2251, 2251A, 2252, 2252A, 2252B or 2260 of Title 18 of the United States Code, or any book, magazine, periodical, film, videotape or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of such section; (b) any property, real or personal, constituting, or traceable to, gross profits or other proceeds obtained from such offense; and (c) any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property, including but not limited to: one Apple iPhone 6S Plus with serial number FCCQW9CLGRWQ, which was seized from the defendant incident to his January 24, 2021 arrest by the New York City Police Department.

5. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 2253(b), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 2253(a) and 2253(b); Title 21, United States Code, Section 853(p))

## CRIMINAL FORFEITURE ALLEGATION AS TO COUNT TWO THROUGH COUNT FIVE

6. The United States hereby gives notice to the defendant that, upon his conviction of any of the offenses charged in Count Two through Count Five, the government will seek forfeiture in accordance with Title 18, United States Code, Section 1467(a), which requires any person convicted of such offenses to forfeit: (a) any obscene material produced, transported, mailed, shipped or received; (b) any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offenses; and (c) any property, real or personal, used or intended to be used to commit or to promote the commission of such offenses, including but not limited to: one Apple iPhone 6S Plus with serial number FCCQW9CLGRWQ, which was seized from the defendant incident to his January 24, 2021 arrest by the New York City Police Department.

7. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 1467(b), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 1467(a) and 1467(b); Title 21, United States Code, Section 853(p))

A TRUE BILL

_____
FOREPERSON

_____
MARK J. LESKO
ACTING UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

F.#: 2021R00137
FORM DBD-34
JUN. 85

No. _____

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

*vs.*

RYAN BEHAR,

Defendant.

# INDICTMENT

(T. 18, U.S.C., §§ 1467(a), 1467(b), 1470, 2251(e), 2253(a), 2253(b), 2260A and 3551 et seq.; T. 21, U.S.C., § 853(p))

*A true bill.*

_____*Stella Alcide*_____

*Foreperson*

*Filed in open court this* _____ *day,*

*of* _____ *A.D. 20* \_\_\_\_\_

_____

*Clerk*

*Bail, $* _____

***Garen S. Marshall, Assistant U.S. Attorney (718) 254-6569***